UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

Eastern District of Kentucky
FILED
AUG 4 - 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CRIMINAL CASE NO. 03-35-S-06-KKC
§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 05-143-KKC

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | **REPORT AND RECOMMENDATION** |
| BRANDY LAWSON | DEFENDANT |

\*\*\*\*\*\*\*

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#190) pursuant to 28 U.S.C. §2255 by the pro se defendant, Brandy Lawson. The motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having considered the record, including the Motion with Supporting Memorandum (DE#190), Response (DE#192), and Reply (DE#194), the Magistrate Judge makes the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

On June 23, 2005, a London Grand Jury returned a superceding fifteen-count indictment against six co-defendants, including Brandy Lawson, charging them with various offenses relating to the manufacture, possession, and/or distribution of methamphetamine. See DE#12. The indictment also contained several firearm and forfeiture counts. Brandy Lawson was charged in Count 2, for conspiracy to knowingly and intentionally possess with intent to distribute over 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §846.

After plea negotiations by defense counsel, Lawson agreed to plead guilty and entered into a written plea agreement (DE#93), which set forth the maximum statutory punishment for the offense as "not less than 10 years, not more than life

imprisonment..." DE#93, ¶4. The plea agreement set forth a base offense level of 32, with a decrease of three levels for acceptance of responsibility. See ¶5. The plea agreement indicated that such calculation was not binding on the Court, and that "[n]o agreement exists about the Defendant's criminal history category..." ¶6. Defendant also expressly waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." ¶8.

In conformity with the offense level calculation in the plea agreement, the PSR recommended a total offense level of 29. PSR ¶64-72. Lawson was assigned six points for a Criminal History Category of III, due to prior criminal convictions and the fact that she was serving a term of conditional discharge at the time of her offense. PSR, ¶82-83. This established a sentencing range of 108 to 135 months, and Lawson made no objections to the calculations in the PSR. See DE#149.

At the sentencing hearing on April 8, 2004, the United States moved for a sentence reduction pursuant to §5K1.1, based on Lawson's "substantial assistance". The District Court accepted Lawson's guilty plea, granted her a 24-month reduction in sentence, and sentenced her to 84 months in prison, to be followed by five (5) years of supervised release. The standard advice regarding defendant's waiver of the right to appeal, and her remaining right to appeal the validity of that waiver, was read to Lawson in open court. See DE#158. Judgment was entered April 12, 2004. DE#174. Lawson did not directly appeal her waiver. On or about March 21, 2005, she signed the present motion pursuant to 28 U.S.C. §2255, attempting to challenge her sentence.

## II. Issues Presented

Before addressing Lawson's numerous claims, the threshold issues of whether defendant's claims are procedurally defaulted and/or waived must be addressed. Substantively, Lawson alleges a host of entwined arguments, including that "the Court was without authority to rely on prior convictions to enhance Defendant-Petitioner's sentence", that the record did not indicate that defendant had the assistance of counsel with respect to such prior convictions, that her sentence is improper under the Supreme Court's decisions in *Shepard*, *Apprendi*, and *Blakely*,[1] that she could not validly waive her right to appeal her sentence because

---

[1]See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 124 S.Ct. 2531 (2004); Shepard v. United States, 125 S.Ct. 1254, 161

the sentence had not yet been imposed at the time of waiver, that counsel was ineffective on such basis, that the plea agreement was "ambiguous", and that these issues were not previously presented due to counsel's alleged failure to object and to appeal.

The United States contends that Lawson entered a valid guilty plea and waived her right to appeal and the right to collaterally attack her guilty plea, conviction, and sentence. It points out that Lawson did not appeal such waiver. The government further asserts that Lawson does not actually seek to withdraw her plea, but rather, simply wants a reduced sentence to which she is not entitled.

## III. Conclusions of Law

### Statutory Jurisdiction

Amended 28 U.S.C. §2255 provides in relevant part that "A prisoner in custody....may move the court which imposed the sentence to vacate, set aside or correct sentence." Defendant has correctly filed this motion in the sentencing court that imposed the federal sentence now challenged. When she filed this §2255 motion, defendant was in federal custody at the Federal Prison Camp at Alderson, West Virginia.

### Applicability of AEDPA, Successiveness

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA") was enacted on April 24, 1996, and its provisions apply to §2255 motions, such as the present one, that were filed after such date. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA requires courts to initially determine whether a federal motion is "successive". In re Sims, 111 F.3d 45 (6th Cir. 1997)(per curiam). The defendant indicates she had not filed any other §2255 motions, and the record does not reflect any.

### AEDPA One-Year Period of Limitations

---

L.Ed.2d 205 (2005).

Under the AEDPA, §2255 motions are subject to a one-year period of limitations that generally runs from "the date on which the judgment of conviction becomes final". 28 U.S.C. §2255, ¶ 6(1); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004)("In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).").

Lawson's judgment was entered on April 12, 2004, and her conviction and sentence were "final" ten days later. Given her express waiver, she did not file an appeal of her sentence. She later signed (and presumably mailed) the present §2255 motion on March 21, 2005. This is deemed to be the "filing" date under the prisoner mailbox rule, *see* Sanchez-Castellano v. United States, 358 F.3d 424, 425 (6th Cir. 2004)(applying mailbox rule to §2255 motion), citing Houston v. Lack, 108 S.Ct. 2379 (1988). Hence, Lawson's motion was timely filed within the AEDPA's one-year period of limitations.

**Procedural Bars, Waiver**

Lawson's challenges to her sentence are procedurally barred for several reasons. First, although she now complains about the calculation of her criminal history category, she did not object on such basis at sentencing, nor has she shown that her counsel was constitutionally "ineffective" for not objecting. She has shown no good reason why her counsel should have objected. Second, in her plea agreement, she expressly waived the right to appeal or collaterally challenge her guilty plea, conviction, and sentence. Third, she did not appeal the validity of such waiver, although she was informed in open court that she could do so. To the extent she attempts to blame her counsel for not appealing the waiver, Lawson has not shown that she ever requested him to file an appeal, or that he should have known she would want to appeal on such basis. Given these multiple procedural bars, Lawson's motion is not reviewable on the merits. Each default and/or waiver is discussed hereinafter.

**No Objection at Sentencing, No Ineffectiveness by Counsel**

Although Lawson now complains about the criminal history category she was assigned, she did not object on such basis at sentencing, nor did she claim (much less establish) at sentencing that any of her prior convictions were obtained in violation of her right to counsel. The Sixth Circuit Court of Appeals has explained that:

> "If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver." United States v. Carr, 170 F.3d 572, 577 (6th Cir. 1999).

See also, United States v. Holloway, 166 F.3d 1215, 1998 WL 833767, *2, Fn. 4 (6th Cir. (Tenn.))("objections that are not raised at the sentencing hearing are deemed waived"); United States v. Jarman, 144 F.3d 912, 915 (6th Cir. 1998); and United States v. Dobish, 102 F.3d 760, 762 (6th Cir. 1996). Hence, Lawson has waived her present allegations regarding her criminal history score.

To the extent Lawson blames her counsel, her counsel did not object because there was no basis to object. Lawson has not shown that her criminal history category was incorrectly calculated or that any of her prior convictions were obtained in violation of her right to counsel or were otherwise invalid. Defense counsel is not required to make frivolous or baseless objections in order to avoid claims of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir. 1986); Norris v. Schotten, 146 F.3d 314 (6th Cir. 1998); Harris v. United States, 204 F.3d 681 (6th Cir. 2000); Wright v. United States, 238 F.3d 426, 2000 WL 1827861, *2 (6th Cir. (Ky.)); United States v. Carter, 355 F.3d 920, 924 (6th Cir. 2004).

Lawson argues that she should have been sentenced under a Criminal History Category of I, with a guideline range of 87 to 108 months. See DE#190, Mem. p. 4. She argues that with the benefit of a 24 month reduction for substantial assistance, the sentencing range would be 63 to 84 months. Lawson contends that she should have been sentenced to 63 months, rather than 84 months. Even assuming that this argument was not waived, petitioner's allegations do not indicate any error in the calculation or imposition of her sentence. Rather, she appears to be disputing the judge's imposition of a sentence at the higher end of the sentencing range, rather than the lower end. However, the appropriate

sentence within such range was a matter of discretion by the sentencing judge, and Lawson's request for a lower sentence is not cognizable on §2255 review.[2]

Lawson makes the attenuated claim that her criminal history category was incorrectly calculated because "the Court was without authority to rely on prior convictions to enhance Defendant-Petitioner's sentence" because the record did not show that she had the assistance of counsel with respect to those prior convictions. Petitioner has not shown that any of her prior convictions were "uncounseled", and thus, she has not shown that her counsel was constitutionally ineffective for not objecting on such basis. See Strickland v. Washington, 466 U.S. 668, 687 (1984)(holding that to establish "ineffective assistance of counsel", a petitioner must demonstrate both objectively deficient performance by defense counsel and resulting prejudice); Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001)(holding that a "defendant may challenge a prior conviction as the product of a *Gideon* violation [a conviction obtained in violation of right to counsel] in a §2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.").

Although petitioner cites Shepard v. United States, --- U.S. ----, 125 S.Ct. 1254, 1257 161 L.Ed.2d 205 (2005), her reliance on such case is misplaced. In the first place, *Shepard* was not decided until *after* Lawson's case was final.[3] Neither counsel nor the sentencing court is required to predict future decisions of the Supreme Court. Moreover, *Shepard* concerned the use of prior convictions to enhance a sentence under the Armed Career Criminal Act (ACCA), and the United States correctly points out that Lawson was not sentenced under the ACCA.

Although Lawson cites Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and claims that "[r]elying on prior convictions to enhance Defendant-Petitioner's sentence violated her Sixth Amendment right to a

---

[2] Sentencing challenges must be brought on direct appeal or they are generally waived. Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). However, claims are not reviewable for the first time in a §2255 motion "can be reviewed as part of a successful claim that counsel provided ineffective assistance." Id.; and see, Clinkscale v. United States, 367 F.Supp.2d 1150, 1157 (N.D.Ohio 2005).

[3] The Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) was decided on June 26, 2000; Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004) was decided on June 24, 2004; and Shepard v. United States, 125 S.Ct. 1254, 1257 161 L.Ed.2d 205 (2005) was decided on March 7, 2005.

finding by a jury", (see DE#190, p. 5, ¶A), the Supreme Court's decision in *Shepard* did not alter its previous holding in *Apprendi* that:

> "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt". Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000)(emphasis added).

In *Shepard*, the Supreme Court simply explained what sources a court could rely on in determining whether a prior offense was a crime of violence, holding that "a later court determining the character of an admitted [prior felony] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." See also, United States v. Hollingsworth, 2005 WL 1620393, *2 (6th Cir. 2005). Lawson's criminal history was calculated on the fact of prior convictions of record (which is permitted under *Apprendi*), and Lawson has pointed to no specific facts suggesting that these prior convictions were invalid in any way. Her allegation is unsupported and conclusory.

To the extent Lawson also fleetingly alleges that her sentence is improper under the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004), such case was decided several months after petitioner's conviction was final. In addition, *Blakely* was an application of *Apprendi*, and alleged *Apprendi* errors are not cognizable on collateral review. United States v. Goode, 305 F.3d 378, 382 (6th Cir. 2002), *cert. denied*, 123 S.Ct. 711 (2002), citing Teague v. Lane, 489 U.S. 288, 310-313, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); Regalado v. United States, 334 F.3d 520, 528 (6th Cir.), *cert. denied*, 124 S.Ct. 585 (2003); United States v. Lucas, 282 F.3d 414 (6th Cir. 2002)(*Apprendi* applies only "to cases on direct review"). Hence, *Blakely*, like *Apprendi*, applies to cases on direct appeal, and is not retroactively applicable to cases on collateral review.[4] The

---

[4]In *Blakely*, the Supreme Court addressed a prisoner's *Apprendi* claim on direct appeal and explained:

"this case requires us to apply the rule we expressed in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000): 'Other than the fact of a

Page 7 of 15

United States points out that the United States Supreme Court has strongly indicated that *Apprendi* and *Blakely* are not retroactively applicable to cases on §2255 review. See, e.g., Schriro v. Summerlin, 124 S.Ct. 2519, 2004 WL 1402732 (U.S. Wash.)(holding that its *Ring* decision, which, like *Blakely*, involved an application of *Apprendi*, was not retroactively applicable to cases on collateral review).

Moreover, *Blakely* concerned a state sentencing scheme, and the Supreme Court there expressly reserved any judgment on the federal sentencing guidelines. The Supreme Court addressed this issue in United States v. Booker, 125 S.Ct. 738 (January 12, 2005)(holding that the federal sentencing guidelines are "advisory").[5] However, like claims under *Apprendi* and *Blakely*, claims under *Booker* are also not cognizable on collateral review. See Booker, 125 at 769 (noting that such holding applied to cases on direct appeal); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005)(holding that *Booker* does not apply on §2255 review); and see, McReynolds v. United States, – F.3d –, 2005 WL 237642 (7th Cir. (Ind.))(holding that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005").

Even if *Booker* claims were cognizable on §2255 review, Lawson would still not be entitled to any relief. The Sixth Circuit Court of Appeals has observed that "there is no language in *Booker* suggesting that the Supreme Court...intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." United States v. Barnett, 398 F.3d 516, 525 (6th Cir. 2005).

---

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt'." Id., 124 S.Ct. at 2536.

[5]The Supreme Court held in *Booker* that: "18 U.S.C.A. §3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with today's Sixth Amendment 'jury trial' holding and therefore must be severed and excised from the Sentencing Reform Act of 1984(Act). Section 3742(e), which depends upon the Guidelines' mandatory nature, also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guidelines ranges, see §3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see §3553(a)."

**Express Waiver**

As part of her plea agreement, Lawson expressly waived her right to challenge her guilty plea, conviction, and sentence by means of appeal and/or collateral challenge. Such waivers are generally enforceable. See United States v. Watson, 165 F.3d 486, 488-89 (6th Cir. 1999)(defendant may validly waive the right to seek §2255 relief); Davila v. United States, 258 F.3d 448, 450-51 (6th Cir. 2001)(defendant may validly waive the right to challenge conviction via §2255 motion, including some claims of ineffective assistance of counsel); Palermo v. United States, 101 F.3d 702, 1996 WL 678222 (6th Cir. 1996)(enforcing waiver and observing that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived); United States v. Allison, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995)(defendant may validly waive the right to appeal).

Of course, the waiver of rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); United States v. Sammons, 918 F.2d 592, 596 (6th Cir. 1990). At her hearing, Lawson indicated to the Court that she understood such waiver, that she gave up such rights voluntarily, and that she had reviewed the plea agreement with counsel and understood its contents. In the plea agreement at ¶15, it is stated that "the Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary."

Lawson has not shown any reason why her plea and waiver should not be enforced. See United States v. Sykes, 292 F.3d 495, 498 (6th Cir.), *cert. denied*, 537 U.S. 965 (2002)("informed waivers are valid"); United States v. Fleming, 239 F.3d 761, 764-65 (6th Cir. 2001)("a defendant's knowing and voluntary waiver of [the] right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal."); United States v. Bazzi, 94 F.3d 1025, 1028 (6th Cir.1996). The United States Supreme Court has held that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984).

To the extent petitioner argues that she could not "knowingly" waive the right to appeal her future sentence at the time of her plea, some courts have

expressed concern about such practice. Lawson cites <u>United States v. Raynor</u>, 989 F.Supp. 43 (D.D.C. 1997) as an example. There, the District Court indicated it would not accept the plea agreement because "[t]he condition sought to be imposed by the government is inherently unfair.....it will undermine the error correcting function of the courts of appeals in sentencing; it will create a sentencing regime where courts of appeals will never have the opportunity to review an illegal or unconstitutional sentence..." In Lawson's case, the waiver did not preserve the right to challenge an unlawful sentence.

The United States argues, somewhat overbroadly, that in one unpublished case where the defendant had argued *Raynor* in support, the Sixth Circuit Court of Appeals "expressly rejected this rationale". DE#192, p. 6. See <u>United States v. Tutt</u>, 165 F.3d 29, 1998 WL 670026 at *2 (6th Cir. Sept.18, 1998)(unpublished), *cert. denied*, 525 U.S. 1113 (1999). Although the government's assertion is essentially correct, i.e. the Sixth Circuit Court of Appeals did reject Tutt's request to apply the holding of *Raynor* to his case, it should be pointed out that the holding of *Raynor* did not directly apply to the facts of *Tutt*. In *Tutt*, the defendant had entered into a written plea agreement expressly waiving the right to appeal his sentence, *unless the sentence exceeded the statutory maximum or constituted an upward departure from the sentencing guidelines*. His sentence did not run afoul of either exception to the waiver. The Sixth Circuit Court of Appeals upheld the waiver, observing that the "waiver leaves no room for any departures except for those noted." <u>Id.</u> at *3. Hence, *Tutt* did not actually address the *Raynor* court's specific concern, namely, the enforceability of a waiver that eliminates all opportunity to review an illegal or unconstitutional sentence.[6]

Plea agreements in this jurisdiction commonly indicate that the defendant waives the right to challenge the guilty plea, conviction, but not the sentence, or alternatively, like the one in *Tutt*, that the defendant waives the right to appeal his sentence, unless it exceeds statutory limits or involves upward departures. The waiver in the present case was quite broad and omitted this type of language. Although Lawson fleetingly alleges that the plea agreement was "ambiguous", the plain wording of the waiver is quite clear. The waiver may arguably be overly

---

[6]Similarly, the Sixth Circuit Court of Appeals has expressed concerns about the waiver of ineffectiveness claims. See, e.g., <u>United States v. Davila</u>, 258 F.3d 448, 451 (6th Cir. 2001)(observing that some, *but not all*, claims of ineffectiveness may be waived), citing with approval, <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994)(upholding a waiver, but indicating that such claims must be examined on a case-by-case basis).

broad, but it is not ambiguous.

In any event, this Court is not being asked to uphold a waiver of appeal in a situation where the sentence actually exceeds statutory limits or is otherwise unlawful. Although the waiver language in Lawson's plea agreement was quite broad, even if such waiver were held unenforceable, petitioner has not shown any defect in her sentence. She has simply made conclusory, unsupported allegations regarding prior convictions, cited cases that are not applicable on §2255 review, and argued that she should have been sentenced at the lower end of her sentencing range. Lawson is not entitled to §2255 relief on such basis.

**Failure to Appeal Validity of Waiver**

Regardless of the validity of her waiver, Lawson did not appeal such issue and cannot now complain. The petitioner was specifically advised in open court that she could appeal the validity of her express waiver, but did not do so. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or actual innocence." Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993)(holding that the "cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding").

Lawson has not shown any cause and actual prejudice, and does not assert actual innocence. Her claims regarding the validity of her waiver are defaulted and not reviewable here. Although she attempts to blame her counsel, who is an experienced criminal defense attorney, for not appealing, nowhere does Lawson indicate that she actually instructed her counsel to appeal the validity of the express waiver in her plea agreement.

"Attorney error that amounts to ineffective assistance of counsel can constitute 'cause' under the cause and prejudice test." Hinkle v. Randle, -- F.3d --, 2001 WL 1194895 (6th Cir. 2001), quoting Lucas v. O'Dea, 179 F.3d 412, 418 (6th Cir. 1999) and Coleman v. Thompson, 501 U.S. 722, 754 (1991). However, in order to constitute "cause", the attorney error must satisfy the standard for constitutional ineffectiveness established in Strickland v. Washington, 466 U.S. 668 (1984). With respect to ineffectiveness claims based on an alleged failure to

appeal, a defendant may show deficient performance by demonstrating either (1) that the attorney disregarded her instructions to file a notice of appeal, or (2) that the attorney failed to consult with her about an appeal when counsel knew or would have known that she might want to appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)(applying *Strickland* standard in context of a failure to appeal).

Given that Lawson had obtained a favorable plea agreement with a reduced sentence on a very serious criminal charge, and given that any appeal would have been limited to consideration of the validity of her waiver, defense counsel had no reason to believe Lawson would want to bring a limited appeal on such basis. Lawson herself indicates that she does not wish to invalidate her guilty plea or conviction, and merely seeks a sentence reduction. The United States correctly asserts that petitioner has shown no basis for sentence reduction and is not entitled to any relief.

Lawson has not shown any objectively deficient performance by counsel for not appealing her waiver, nor any resulting prejudice. She has not shown any sentencing errors overlooked by counsel that led to a greater sentence. *Cf.* United States. Glover, 531 U.S. 198, 202-03, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (reversing denial of §2255 relief and holding that an increase in the length of a prison sentence due to error in sentencing guidelines determination constituted the requisite prejudice for establishing ineffective assistance of counsel under *Strickland*). Petitioner has not shown any ineffectiveness on her counsel's part, and thus, has also not shown any "cause" to excuse her failure to appeal the waiver. She has not established a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." United States v. Watson, 165 F.3d 486, 488 (6th Cir. 1999), citing Brecht v. Abramson, 507 U.S. 619 (1993).

## IV. No Hearing Required

No hearing is required if the petitioner's allegations are refuted by the record, inherently incredible, or are merely conclusions rather than statements of fact. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)(holding that "evidentiary hearings are not required when ... the record conclusively shows that the petitioner is entitled to no relief."); Arrendondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).

The allegations in the present §2255 motion concern legal issues that can be

decided on the record before the Court, and the defendant is not entitled to an evidentiary hearing. See, e.g., Vroman v. Brigano, 346 F.3d 598, 606 (6th Cir. 2003); Lott v. Coyle, 261 F.3d 594, 602 (6th Cir. 2001); Curry v. United States, 39 Fed. Appx. 993, 994, 2002 WL 1774222, *2 (6th Cir. (Ky.)), cert. denied, 522 U.S. 877 (2002), and denial of post-conviction relief affirmed, 2002 WL 1774222; and Pratt v. United States, 2004 WL 1859513, *2 (6th Cir. (Mich.))(finding no abuse of discretion in denying defendant's motion without an evidentiary hearing).

The United States Supreme Court has observed that "[t]o allow indiscriminate hearings in federal post-conviction proceedings....would eliminate the chief virtues of the plea system-- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977); United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). The government has a fundamental interest in the finality of guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

## VI. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement. See Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2002)(requiring an "individualized determination of each claim...in considering whether to grant a COA"); see also, Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed2d 542 (2000), the United States Supreme Court further held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling".

Defendant's claims are waived and defaulted. She did not object at the sentencing hearing on the basis now alleged. As part of her plea agreement, she expressly waived her right to appeal and collaterally challenge her guilty plea, conviction, and sentence. She did not appeal the waiver and has not shown any ineffectiveness on counsel's part. With respect to the validity of her waiver, Lawson has cited legal opinions questioning the enforceability of waivers of the

right to appeal a sentence in all circumstances, given that a subsequently-imposed sentence may be unlawful. Various judicial opinions, including cases within the Sixth Circuit, have raised similar concerns with respect to whether all ineffectiveness claims are properly waivable. Hence, one of the procedural recommendations, i.e., that the waiver should be upheld in this case, is fairly debatable by jurists of reason.

However, to obtain a COA, defendant must also make a substantial showing of the denial of a constitutional right. She has not done so. The record plainly shows that defendant, who was ably represented by experienced counsel, was properly and fully informed regarding the terms of her plea agreement, including the waiver, and voluntarily chose to plead guilty. She thereby obtained an advantageous plea bargain and a reduced sentence. Lawson has not made a substantial showing that an unlawful sentence was imposed or that her counsel was therefore ineffective within the meaning of *Strickland*. Jurists of reason would not find this debatable. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(requiring a showing of objectively deficient attorney performance and resulting prejudice).

Lawson has not shown any reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty or had a different result, i.e., a lower sentence. See, e.g., Ballard v. United States, 400 F.3d 404, 411 (6th Cir. 2005)(granting §2255 relief because counsel had failed to raise a meritorious issue that would have significantly reduced defendant's sentence). Lawson was not promised any particular sentence in her plea agreement and her allegations do not put forth a debatable issue with respect to any deprivation of constitutional rights. Accordingly,

### RECOMMENDATION

It is **RECOMMENDED** that:

1) the "Motion to Vacate or Set Aside Sentence" (DE#190) by the defendant, Brandy Lawson, be **DENIED** with prejudice; and

2) a certificate of appealability should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived.

United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 4th day of August, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge