UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 03-35-S
§2255 MOTION TO VACATE FILED AS:
CIVIL ACTION NO. 05-143

UNITED STATES OF AMERICA,                                                              PLAINTIFF

v.                                               **OPINION & ORDER**

BRANDY LAWSON,                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Petitioner Brandy Lawson's Motion to Vacate, Set Aside or Correct Sentence (Rec. 190) pursuant to 28 U.S.C. § 2255. The motion was referred to Magistrate Judge Johnson for initial consideration and a Report and Recommendation. After reviewing *de novo* the Report and Recommendation (Rec. 195), and the Petitioner's Objections (Rec. 196), this Court ADOPTS the decision of the Magistrate Judge and DENIES the Motion to Vacate.

**I. BACKGROUND**

On June 23, 2003, a London, Kentucky grand jury returned a fifteen-count indictment against six co-defendants, including Brandy Lawson for a variety of offenses dealing in the illegal traffic of methamphetamines. (Rec. 12). After a series of plea negotiations, Lawson agreed to plead guilty and entered into a plea agreement (Rec. 93), which set forth her base offense level and maximum statutory punishment. In the agreement, Lawson expressly waived her right to appeal the guilty plea and her sentence.

At the sentencing hearing, upon recommendation fo the United States Attorney, Lawson was given a sentence reduction for her assistance to the government. Lawson was ultimately sentenced to 84 months in prison, with five years of supervised release. She was then advised of her waiver

of a right to appeal in open court and her right to appeal the validity of that waiver. (Rec. 158). Judgment was entered on April 12, 2004 and Lawson never chose to directly appeal her waiver of rights. On March 21, 2005, she filed this motion to challenge her sentence.

**II. ANALYSIS**

In his Report and Recommendation to this court, the Magistrate Judge found that Lawson had waived the right to challenge her sentence for a number of reasons. First, while Lawson now objects to the calculation of her criminal history category, she did not make such an objection at the time of her sentencing hearing and she has not shown her counsel was constitutionally ineffective for not objecting. It is well established that a failure to object to a sentence calculation before the sentencing judge leads to a waiver of the objection. *United States v. Carr*, 170 F.3d 572, 577.

However even if the objection had not been waived, Lawson still would not be entitled to relief as the calculation was not in error. Lawson claims that the court improperly found the fact of her prior convictions in calculating her criminal history in violation of *United States v. Booker*, 125 S.Ct. 738 (2005). However the only fact that the district court "found" in calculating Lawson's sentence was the existence of her past convictions, not the specific nature of those convictions. This type of fact-finding was specifically exempted from the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and was deemed permissible by the court. As the Sixth Circuit has previously noted, nothing in the *Booker* decision or its progeny has altered that exception. *United States v. Barnett*, 398 f.3d 516, 525 (6th Cir. 2005). Thus even if Lawson's argument were not waived, it would be without merit.

In addition to her lack of objection at sentencing, Lawson is also unable to proceed with her appeal because she expressly waived that right through her plea agreement. General waivers of

rights to § 2255 relief are enforceable. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). The waiver must be voluntary, but Lawson indicated at the sentencing hearing that her decision was voluntary and that she fully understood the ramifications of such a waiver. While the Magistrate Judge correctly noted the ambivalence of some courts to enforce waivers where the sentence imposed was later found to be beyond the statutory maximum or unconstitutional, neither of those factors are present here and Lawson has given the court no reason to believe the waiver should not be enforced. Ultimately, Lawson believes she should have been sentenced at the lower end of the sentencing range (63 months) instead of the sentence given, which was at the highest point in the range (84 months). However due to her waiver, this decision is not appealable.

Finally, the Magistrate Judge correctly found that Lawson did not appeal the validity of her appeal waiver on direct appeal and thus is forbidden from doing so on collateral review. Lawson was specifically advised of her right in open court to appeal the validity of her waiver to a right to appeal, and she never exercised this right. Thus absent evidence of cause and actual prejudice or a showing of actual innocence, she is procedurally barred from raising the issue on collateral review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). While attorney error can constitute "cause" under this standard, Lawson can show no error by her attorney and has shown no desire to bring a limited appeal on this basis. Thus, she is unable to raise the issue of validity of her waiver on collateral review.

In her objections to the court, Lawson does not specifically challenge any of these findings, but simply cites pre-AEDPA case law that is inapplicable to this case. She also argues that the Supreme Court may in the future find that the rulings in *Booker* and *Apprendi* may be deemed to apply retroactively and thus the court should not act on her claims until that time. Leaving aside the

fact that no facts were found in this case that puts the *Booker* issue in question, such speculation of future Supreme Court certiorari grants cannot be the basis for granting or postponing relief.

Lawson also requests a certificate of appealability on her various claims. Such a certificate should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a COA if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473 (2000). As stated above, Lawson has shown no violation of her constitutional rights and can allege no error beyond a disagreement with the decision to sentence at the highest end of the applicable guideline range. Thus no COA will be issued by this court.

### III. CONCLUSION

Because the petitioner has not met the procedural requirement necessary for habeas relief, the court thus ADOPTS the Magistrate Judge's Report and Recommendation (Rec. 195) and DENIES the Petitioner's Motion to Vacate. The court also DENIES the opportunity to issue a certificate of appealability.

This the 20th day of January, 2006.

Signed By:
*Karen K. Caldwell*
United States District Judge